Robert H. Sloss (Bar No. 87757)
E-mail:      robert.sloss@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
3000 El Camino Real
Five Palo Alto Square, Suite 400
Palo Alto, CA 94306
Telephone: 650.645.9000
Facsimile: 619.235.0398

Attorney for Defendants HEALTHGPT, INC., d/b/a
HIPPOCRATIC HEALTH and MUNJAL SHAH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIPPOCRATIC AI, INC., | Case No. 3:23-cv-4738-PHK |
| Plaintiff, | **ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| v. | |
| HEALTHGPT, INC., d/b/a HIPPOCRATIC HEALTH, and MUNJAL SHAH, | |
| Defendants. | |

Defendants HEALTHGPT, INC., ("Health GPT") and MUNJAL SHAH ("Shah," collectively, "Defendants") hereby submit the following answer and affirmative defenses to Plaintiff Hippocratic AI, Inc.'s ("Plaintiff" or "Hippocratic AI") Complaint for Trademark Infringement.

## ANSWER

Health GPT made a good faith and generous offer to purchase Plaintiff's domain for "six figures." At the time of Health GPT's inquiry, Plaintiff was selling a product it had branded "Hippocratic Tutor." Defendant made clear that it was building a very different product than Hippocratic Tutor. But AFTER Defendant asked about the domain, AFTER it registered the service mark HIPPOCRATIC AI, AFTER it launched a different domain, and AFTER it announced funding, Plaintiff suddenly

changed its marketing from "Hippocratic Tutor" to "Hippocratic AI," and began suggesting Health GPT was building a product similar to Hippocratic Tutor. Plaintiff then filed this case with the express hope of extorting a windfall of more than 6 digits. Trademark law is about protecting consumers; it is not a tool for shakedowns.

Defendants, for themselves and no others, deny, generally and specifically, any and all allegations in the Complaint which are not expressly admitted or denied hereinafter. It is not intended that there be any admission by silence or omission as to any allegations in the Complaint. Defendants hereafter respond to each of the sections of the Complaint exactly as it is set forth utilizing Plaintiffs' numbering system.

## INTRODUCTION

1. Defendants admit that there is no affiliation or sponsorship between Plaintiff and Defendants. Defendants deny all of the remaining allegations of Paragraph 1.

2. Defendants deny Plaintiff has hard- and long-earned goodwill in the mark HIPPOCRATIC AI; by its own allegations, Plaintiff did not use the mark HIPPOCRATIC AI in commerce until May 18, 2023 – after Health GPT filed a trademark application for HIPPOCRATIC AI, after Health GPT launched hippocraticai.com, and after Health GPT announced it had secured funding. Health GPT does not make or sell a product or service similar to Plaintiff's products, and thus there is no potential for confusion with Plaintiff's customers or potential investors. Defendants deny all of the remaining allegations of Paragraph 2.

3. Defendants deny the allegations of Paragraph 3.

4. Defendants admit that Health GPT does business under the name HIPPOCRATIC AI; Health GPT has properly filed a business name registration for Hippocratic AI with Santa Clara County. Defendants further admit that Health GPT registered HIPPOCRATIC AI as a service mark with the United States Patent and Trademark Office ("USPTO") (Serial No. 97931623) on May 11, 2023. Defendants deny all of the remaining allegations of Paragraph 4.

5.      Defendants deny the allegations of Paragraph 5.  By Plaintiff's own admission, it did not begin using HIPPOCRATIC AI as an identifier for any goods or services until after Health GPT had filed its trademark application, launched its website, and announced funding.

6.      Defendants deny that Plaintiff has operated under the trade name HIPPOCRATIC AI. Defendants deny that Plaintiff used "Hippocratic AI" in extensive advertising or promotion or on its website since its founding, that Hippocratic AI was Plaintiff's secondary brand, and that Plaintiff has consistently used Hippocratic AI as its primary brand.  Rather, as evidenced by Plaintiff's website, Defendants allege that Plaintiff used the name HIPPOCRATIC TUTOR as its only brand.  In March 2023, Plaintiff's website (as captured by the Internet Archive) showed the following:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

https://www.hippocratic.ai/    Go    JAN **MAR** MAY
17 captures    ◀ **14** ▶
2 Dec 2021 – 18 May 2023    2022 **2023** 2024 ▼ About this capture

## Who are we?

Hippocratic Tutor is designed, developed, and operated by medical students who saw an opportunity to transform medical education and practice with AI-powered solutions that are inspired by patients. We believe that AI can augment human intelligence and empathy, not replace it. By harnessing the power of data and algorithms, we can empower medical students, physicians, and patients to achieve better outcomes and experiences.

### Frequently asked questions

How does Hippocratic Tutor simulate scenarios and patients?    +

How does Hippocratic Tutor provide feedback and guidance?    +

What are the benefits of using Hippocratic Tutor?    +

ANSWER TO PLAINTIFF'S COMPLAINT

CASE NO. 3:23-CV-4738

As of May 17, 2023, Plaintiff's website (as captured by the Internet Archive) continued to use HIPPOCRATIC TUTOR as the tradename for its product:





Plaintiff began using the name HIPPOCRATIC AI well after Health GPT had registered the HIPPOCRATIC AI service mark and advised Plaintiff that Health GPT was using the HIPPOCRATIC AI mark, in a transparent attempt to extract more money from Health GPT.  Defendants do not have sufficient information to admit or deny the allegations that Plaintiff is "transitioning away from its HIPPOCRATIC TUTOR" brand and therefore denies those allegations.  Defendants deny all of the remaining allegations of Paragraph 6.

      7.     Defendants admit that Mr. Shah was aware that Plaintiff owned the domain name Hippocratic.ai.  Defendants deny all of the remaining allegations of Paragraph 7.

8.      Defendants deny the allegations of Paragraph 8. Defendants allege that the products it is building are very different from Hippocratic Tutor and have a very different potential customer base.

9.      Defendants admit that on May 1, 2023, Mr. Shah inquired about purchasing from Plaintiff the domain name hippocratic.ai.  Defendants deny all of the remaining allegations of Paragraph 9.

10.      Defendants admit that Plaintiff declined to sell the domain name to Health GPT.  Defendants admit that Plaintiff stated, "We really like the name and subsequent branding *for what we plan to expand to into the future* and therefore want to keep it for the foreseeable future."  (Emphasis added.)  Defendants deny all of the remaining allegations of Paragraph 10.

11.      Defendants deny the allegations of Paragraph 11.

12.      Defendants admit that Health GPT filed an intent-to-use registration of the HIPPOCRATIC AI service mark with the USPTO on May 11.2023 and that Health GPT did not inform the PTO of any use of that mark by Plaintiff because it did not, and does not, believe Plaintiff has any rights, common law or otherwise, to the HIPPOCRATIC AI mark. Defendants deny all of the remaining allegations of Paragraph 12.

13.      Defendants deny the allegations of Paragraph 13. Defendants further allege that despite having full knowledge of Health GPT's service mark application, Plaintiff did not file any objections with the USPTO, likely because Plaintiff knew it had not been using HIPPOCRATIC AI as a trademark and that its products and services are not at all similar to Health GPT's products and services and thus could not file such objections without committing fraud on the USPTO.

14.      Defendants admit that in May 2023 Health GPT announced that it planned to use LLM in healthcare and that it had secured financing to grow its business.  Defendants deny all of the remaining allegations of Paragraph 14.

15.    Defendants admit that Health GPT has not yet offered goods or services branded with the HIPPOCRATIC AI mark.  Defendants deny all of the remaining allegations of Paragraph 15.

16.    Defendants do not have sufficient information to admit or deny the allegations that Plaintiff has worked to build up substantial goodwill or that there has been any consumer confusion as a result of Health GPT's use of the HIPPOCRATIC AI mark.  Defendants deny all of the remaining allegations of Paragraph 16.

17.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 17 and therefore denies those allegations.

18.    Defendants deny the allegations of Paragraph 18.

19.    Defendants deny the allegations of Paragraph 19.

20.    Defendants deny the allegations of Paragraph 20.

21.    Defendants deny that they have in any way interfered with Plaintiff's rights.  Defendants do not have sufficient information to admit or deny the remaining allegations of Paragraph 21 and therefore denies all of those allegations.

## NATURE OF THE ACTION

22.    Defendants admit that the Complaint purports to state causes of action for trade name infringement, trademark infringement and unfair competition against Defendants.  Defendants deny that any such claims are meritorious with respect to them.  Defendants deny all of the remaining allegations of Paragraph 22.

## JURISDICTION AND VENUE

23.     To the extent the allegations of Paragraph 23 purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendants admit that 28 U.S.C. §§ 1331 and 1338 provide jurisdiction to this Court for cases arising under federal trademark laws.

24.    Defendants admit the allegations of Paragraph 24.

25.    Defendants admit the allegations of Paragraph 24.

26.     To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Defendants admit that 28 U.S.C. § 1391(a)-(d) provides for venue in this District.

27.     Defendants admit the allegations of Paragraph 27.

28.     Defendants admit the allegations of Paragraph 28.

29.     Defendants deny that they have engaged in any conduct giving rise to the claims asserted in the Complaint.  Defendants admit the remaining allegations of Paragraph 29.

## PARTIES

30.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 30 and therefore denies those allegations.

31.     Defendants admit the allegations of Paragraph 31.

32.     Defendants admit the allegations of Paragraph 32.

33.     Defendants admit the allegations of Paragraph 33.

## BACKGROUND FACTS

34.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 34 and therefore deny those allegations.

35.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 35 and therefore deny those allegations.

36.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 36 and therefore deny those allegations.

37.      Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 37 and therefore deny those allegations.

38.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 38 and therefore deny those allegations.

39.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 39 and therefore deny those allegations.

40.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 40 and therefore deny those allegations.

41.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 41 and therefore deny those allegations.

42.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 42 and therefore deny those allegations.

43.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 43 and therefore deny those allegations.

44.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 44 and therefore deny those allegations. Defendants deny that Plaintiff was using the mark HIPPOCRATIC AI for branding its platform services prior to May 18, 2023.  Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

45.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 45 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

46.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 46 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

47.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 47 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff

used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

48.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 48 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

49.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 49 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

50.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 50 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

51.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 51 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

52.    Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 52 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

53.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 53 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

54.     To the extent the allegations of Paragraph 54 purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 54 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

55.     To the extent the allegations of Paragraph 55 purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 55 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

56.     To the extent the allegations of Paragraph 56 purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 56 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

57.     Defendants admit the allegations of Paragraph 57.

58.     Defendants admit the allegations of Paragraph 58.

59.     Defendants allege that Mr. Shah's communication speaks for itself. Defendants deny all of the remaining allegations of Paragraph 59.

60.     Defendants allege that Plaintiff's communication speaks for itself. Defendants deny all of the remaining allegations of Paragraph 60.

61.     Defendants allege that Plaintiff's communication speaks for itself. Defendants admit that Plaintiff has sought more than six figures from Defendant for its domain name. Defendants deny all of the remaining allegations of Paragraph 61.

62.     Defendants allege that Mr. Shah's communication speaks for itself. Defendants deny all of the remaining allegations of Paragraph 62.

63.     Defendants allege that Plaintiff's communication speaks for itself. Defendants deny all of the remaining allegations of Paragraph 63.

64.     Defendants admit the allegations of Paragraph 64.  Defendants allege, however, that representatives of Defendants had further communications with representatives of Plaintiff regarding the domain name hippocratic.ai during which Plaintiff stated that it would not contest Health GPT's use of the mark HIPPOCRATIC AI and would sell to Defendant the domain hippocratic.ai if Health GPT paid Plaintiff $1 million.

65.     Defendants deny that Plaintiff had intellectual property rights in the name HIPPOCRATIC AI.  Defendants deny all of the remaining allegations of Paragraph 65.

66.     Defendants admit the allegations of Paragraph 66.

67.     Defendants admit the allegations of Paragraph 67.  Plaintiff did not file an objection to Health GPT's service mark application with the USPTO.

68.     Defendants admit the allegations of Paragraph 68.

69.     Defendants admit the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70.  Health GPT's trademark application does not cover Plaintiff's Hippocratic Tutor product.

1    71.    Defendants deny that Plaintiff had intellectual property rights in the name

2    HIPPOCRATIC AI.  Defendants deny all of the remaining allegations of Paragraph

3    71.

4    72.    Defendants deny the allegations of Paragraph 72.

5    73.    Defendants admit that Health GPT intends to develop products which use

6    AI to improve communications in the medical field.  Defendants deny all of the

7    remaining allegations of Paragraph 73.

8    74.    Defendants allege that statements on the Health GPT website speak for

9    themselves.  Defendants deny all of the remaining allegations of Paragraph 74.

10   75.    Defendants admit the allegations of Paragraph 75.

11   76.    Defendants deny that Plaintiff had intellectual property rights in the name

12   HIPPOCRATIC AI.  Defendants deny all of the remaining allegations of Paragraph

13   76.

14   77.    Defendants deny that Plaintiff had intellectual property rights in the name

15   HIPPOCRATIC AI.  Defendants deny all of the remaining allegations of Paragraph

16   77.

17   78.    Defendants allege that statements on the Health GPT website speak for

18   themselves.  Defendants deny all of the remaining allegations of Paragraph 78.

19   79.    Defendants allege that statement on the Health GPT website speak for

20   themselves.  Defendants deny all of the remaining allegations of Paragraph 79.

21   80.    Defendants allege that the correspondence between representatives of

22   Plaintiff and Health GPT speaks for itself.  Defendants deny all of the remaining

23   allegations of Paragraph 80.

24   81.    Defendants admit that Health GPT filed an application to register the

25   service mark HIPPOCRATIC AI with the USPTO on May 11, 2023.  Defendants deny

26   that Plaintiff has intellectual property rights in the name HIPPOCRATIC AI.

27   Defendants deny all of the remaining allegations of Paragraph 81.

28

82. To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Defendants admit that it has not used HIPPOCRATIC AI in commerce. Defendants deny all of the remaining allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny that Health GPT infringes Plaintiff's intellectual property rights. Defendants admit that Health GPT launched a service under the name HIPPOCRATIC AI in May 2023. Defendants deny all of the remaining allegations of Paragraph 84.

85. Defendants deny that Health GPT infringes Plaintiff's intellectual property rights. Defendants admit that Health GPT launched a website at hippocraticai.com in May 2023. Defendants deny all of the remaining allegations of Paragraph 85.

86. Defendants allege that statements on the Health GPT website speak for themselves. Defendants deny all of the remaining allegations of Paragraph 86.

87. Defendants allege that statements on the Health GPT website speak for themselves. Defendants deny all of the remaining allegations of Paragraph 87.

88. Defendants allege that Mr. Shah's statements speak for themselves. Defendants deny all of the remaining allegations of Paragraph 88.

89. Defendants deny that Health GPT infringes Plaintiff's intellectual property rights. Defendants admit that Health GPT announced in May 2023 that it had secured funding. Defendants deny all of the remaining allegations of Paragraph 84.

90. Defendants admit that Plaintiff's representative sent correspondence to Defendants dated May 23, 2023. Defendants allege that the correspondence speaks for itself. Defendants deny all of the remaining allegations of Paragraph 90. Defendant responded to Plaintiff on May 31, 2023, explaining that Defendant did not infringe any of Plaintiff's intellectual property rights and repeating its offer to purchase Plaintiff's domain name.

91.     Defendants admit that Plaintiff's representative sent correspondence to Defendants on May 23, 2023.  Defendants allege that the correspondence speaks for itself.  Defendants deny all of the remaining allegations of Paragraph 91.

92.     Defendants admit that Health GPT maintained, and continues to maintain, that it does not infringe Plaintiff's intellectual property rights, if any, and therefore declined Plaintiff's request that Health GPT stop using the HIPPOCRATIC AI mark.  Defendants allege that Plaintiff offered to not contest Health GPT's use of the HIPPOCRATIC AI mark if Health GPT paid it $1 million, an offer that Health GPT refused.  Defendants deny all of the remaining allegations of Paragraph 92.

93.     Defendants deny the allegations of Paragraph 93.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants allege that the cited article speaks for itself.  Defendants deny all of the remaining allegations of Paragraph 95.

96.     Defendants allege that the cited article speaks for itself.  Defendants deny all of the remaining allegations of Paragraph 95.

97.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 97 and therefore denies those allegations.

98.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 98 and therefore denies those allegations.

99.     Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 99 and therefore denies those allegations.

100.   Defendants deny that Health GPT infringes Plaintiff's intellectual property rights.  Defendants do not have sufficient information to admit or deny the remaining allegations set forth in Paragraph 100 and therefore denies those allegations.

101.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 101 and therefore denies those allegations.

102.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 102 and therefore denies those allegations.

103.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 103 and therefore denies those allegations.

104.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 104 and therefore denies those allegations.

105.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 105 and therefore denies those allegations.

106.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 106 and therefore denies those allegations.

107.   Defendants deny that Health GPT infringes Plaintiff's intellectual property rights.  Defendants do not have sufficient information to admit or deny the remaining allegations set forth in Paragraph 107 and therefore denies those allegations.

108.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 108 and therefore denies those allegations.

## FIRST CLAIM

### (Federal Trade Name Infringement in violation of
### Section 43(a) of the Lanham Act – Health GPT)

109.   Defendants repeat and incorporate their responses to the allegations contained in paragraphs 1 through 108 of the Complaint, as if fully set forth herein.

110.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 110 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI.

111.   Defendants deny the allegations of Paragraph 111.

112.   Defendants deny the allegations of Paragraph 112.

113.   Defendants deny the allegations of Paragraph 113.

114.   Defendants deny the allegations of Paragraph 114.

115.   Defendants deny the allegations of Paragraph 115.

116.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 116 and therefore deny those allegations. Defendants are informed and believe and therefore allege, however, that Plaintiff used the trade name HIPPOCRATIC TUTOR until it learned of Health GPT's use and registration of the service mark HIPPOCRATIC AI,

117.   Defendants deny the allegations of Paragraph 117.

118.   Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph 118 and therefore denies those allegations.

119.   Defendants deny the allegations of Paragraph 119.

120.   Defendants deny the allegations of Paragraph 120.

121.   Defendants deny the allegations of Paragraph 121.

122.   Defendants deny the allegations of Paragraph 122.

123.   Defendants deny the allegations of Paragraph 123.

## SECOND CLAIM

### (Trade Name Infringement under California Law – Health GPT)

124.   Defendants repeat and incorporate their responses to the allegations contained in paragraphs 1 through 123 of the Complaint, as if fully set forth herein.

125.   Defendants deny the allegations of Paragraph 125.

126.   Defendants deny the allegations of Paragraph 125.

127.   Defendants deny the allegations of Paragraph 127.

128.   Defendants deny the allegations of Paragraph 128.

## THIRD CLAIM

### (Federal Unfair Competition in violation of Section 43(a) of the Lanham Act – Health GPT)

129.   Defendants repeat and incorporate their responses to the allegations contained in paragraphs 1 through 128 of the Complaint, as if fully set forth herein.

130.   Defendants deny the allegations of Paragraph 130.

131.   Defendants deny the allegations of Paragraph 131.

132.   Defendants deny the allegations of Paragraph 132.

133.   Defendants deny the allegations of Paragraph 133.

134.   Defendants deny the allegations of Paragraph 134.

135.   Defendants deny the allegations of Paragraph 135.

136.   Defendants deny the allegations of Paragraph 136.

137.   Defendants deny the allegations of Paragraph 137.

138.   Defendants deny the allegations of Paragraph 138.

### FOURTH CLAIM

### (Statutory Unfair Competition under California

### Business & Professions Code – Health GPT and Mr. Shah)

139.   Defendants repeat and incorporate their responses to the allegations contained in paragraphs 1 through 138 of the Complaint, as if fully set forth herein.

140.   Defendants deny the allegations of Paragraph 140.

141.   Defendants deny the allegations of Paragraph 141.

142.   Defendants deny the allegations of Paragraph 142.

### FIFTH CLAIM

### (Common Law Unfair Competition – Health GPT)

143.   Defendants repeat and incorporate their responses to the allegations contained in paragraphs 1 through 142 of the Complaint, as if fully set forth herein.

144.   Defendants deny the allegations of Paragraph 144.

145.   Defendants deny the allegations of Paragraph 145.

146.   Defendants deny the allegations of Paragraph 146.

147.   Defendants deny the allegations of Paragraph 147.

148.   Defendants deny the allegations of Paragraph 148.

### SIXTH CLAIM

### (Contributory Infringement Under Section 43(a) of the

### Lanham Act and Common Law – Mr. Shah)

149. Defendants repeat and incorporate their responses to the allegations contained in paragraphs 1 through 148 of the Complaint, as if fully set forth herein.

150. Defendants deny the allegations of Paragraph 150.

151. Defendants deny the allegations of Paragraph 151.

152. Defendants deny the allegations of Paragraph 152.

153. Defendants deny the allegations of Paragraph 153.

154. Defendants deny the allegations of Paragraph 154.

155. Defendants deny the allegations of Paragraph 155.

156. Defendants deny the allegations of Paragraph 156.

## SIXTH CLAIM [sic]

### (Vicarious Infringement under Section 43(a) of the Lanham Act and Common Law – Mr. Shah)

157. Defendants repeat and incorporate their responses to the allegations contained in paragraphs 1 through 156 of the Complaint, as if fully set forth herein.

158. Defendants deny the allegations of Paragraph 158.

159. Defendants deny the allegations of Paragraph 159.

160. Defendants deny the allegations of Paragraph 160.

161. Defendants deny the allegations of Paragraph 161.

162. Defendants deny the allegations of Paragraph 162.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each and every claim for relief stated therein, fails to state a claim against Defendants upon which relief may be granted

## SECOND AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because Plaintiff has not suffered, and will not suffer, irreparable harm due to Defendants' alleged conduct.  To the extent Plaintiff has been harmed, and Defendants deny that there has been any such harm,

Plaintiff has an adequate remedy at law, and the balance of hardships and public interest do not favor injunctive relief.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Defendants are informed and believe, and upon such information and belief allege that the Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.  Plaintiff did not use the brand HIPPOCRATIC AI until after learning of Defendants' registration of the service mark HIPPOCRATIC AI with the USPTO but rather marketed its products and services under the name HIPPOCRATIC TUTOR.  In fact, Plaintiff offered to not contest Health GPT's use of the service mark HIPPOCRATIC AI if Health GPT paid it $1 million.  Plaintiff has brought this action – including naming Defendant Shah in his personal capacity when he was clearly acting as CEO of Health GPT – in furtherance of its effort to extract a substantial payment from Health GPT for use of a mark that Plaintiff was not using and did not intend to use.  As such, Plaintiff cannot recover on any of its claims because of its unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Defendants are informed and believe, and upon such information and belief allege that the Complaint, and each cause of action therein, is barred by the doctrine of estoppel.  Plaintiff did not use the brand HIPPOCRATIC AI until after learning of Defendants' registration of the service mark HIPPOCRATIC AI with the USPTO but rather marketed its products and services under the name HIPPOCRATIC TUTOR. In fact, Plaintiff offered to not contest Health GPT's use of the service mark HIPPOCRATIC AI if Health GPT paid it $1 million.  Plaintiff has brought this action in furtherance of its effort to extract a substantial payment from Health GPT for use of a mark that Plaintiff was not using and did not intend to use – including naming Defendant Shah in his personal capacity when he was clearly acting as CEO of Health

GPT.  As such, Plaintiff is estopped from recovering on any of its claims.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants are informed and believe, and upon such information and belief allege, that Plaintiff failed to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants are informed and believe, and upon such information and belief allege, that the Complaint, and each cause of action contained therein, is barred because Defendants at all times acted with utmost good faith.

### SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

Defendants are informed and believe, and upon such information and belief allege, that the Complaint, and each cause of action contained therein, is barred by the doctrine of preemption.

### RESERVATION OF DEFENSES

Further responding, Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.  Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A.     Dismissal of the Complaint with prejudice, granting Defendants' Affirmative Defenses, and denying each request for relief made by Plaintiff;

B.     Entry of judgment in favor of each Defendant on each and every claim of the Complaint;

C.      Entry of an Order directing that Defendants are not liable to Plaintiff for any damages prayed for in the Complaint;

D.      Entry of an Order directing that Plaintiff is not entitled to an injunction of any kind against Defendants;

E.      Entry of an Order that Defendants are the prevailing party, that this is an exceptional case under 15 U.S.C. § 1117(a) because Plaintiff brought this action with wrongful intent, or at least gross negligence;

F.      An award to Defendant of its reasonable attorney fees and costs pursuant to 35 U.S.C. § 1117(a); and/or

G.      Such other and further relief as this Court deems just and proper

## **JURY DEMAND**

Defendants request a trial by jury on all issues so triable.


DATED: September 18, 2023          PROCOPIO, CORY, HARGREAVES &
                                                            SAVITCH LLP


                                                     By:  */s/Robert H. Sloss*
                                                            Robert H. Sloss
                                                            Attorney for Defendant
                                                            HEALTHGPT, INC. and MUNJAL
                                                            SHAH